# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS KELLAR,<br><br>                Plaintiff,<br><br>     v.<br><br>KEITH AKI, et al.,<br><br>                Defendants.[1] | Case No. 3:23-cv-00263-SLG |

## ORDER DIRECTING SERVICE & RESPONSE

On November 16, 2023, self-represented prisoner Thomas Kellar ("Plaintiff") filed a Complaint and an application to waive prepayment of the filing fee.[2] Plaintiff is a convicted prisoner and has been incarcerated at the Palmer Correctional Center in the custody of the Alaska Department of Corrections ("DOC") at all times during the alleged events giving rise to this case.[3] The Court takes judicial notice of Plaintiff's underlying conviction in *State of Alaska vs. Kellar,* Case No. 3PA-17-00920CR, in which Plaintiff plead guilty to violating Alaska Statute § 11.41.434(a)(2) Sex Abuse of a Minor.[4]

---

[1] On November 29, 2023, Plaintiff filed a motion to correct the spelling of his name and to substitute the true names of two defendants whose full names were previously unknown. Docket 3.

[2] Dockets 1–5.

[3] Docket 1 at 5.

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the docket records of the Alaska Trial Courts and the Alaska Appellate Courts, which may be accessed online at https://courts.alaska.gov/main/search-cases.htm. S*ee United States ex rel.*

As explained further below, Plaintiff alleges six DOC employees violated his First Amendment rights for their various roles in denying delivery of a book they found contained sexually explicit language in violation of DOC Policy and Procedure ("P&P") 810.03, VIII, D, 5.[5] Plaintiff alleges that "P&P" 810.03 is unconstitutional in its current form and as applied to this specific book.[6] For relief, Plaintiff requests the Court "[o]rder defendants to give him the book, issue an injunction preventing DOC from continuing to enforce DOC P&P 810.03 in its current form, as it does not comply with Supreme Court Case law, and damages in an amount to be determined at trial."[7]

The Court screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Liberally construed,[8] the Complaint states a plausible claim under the First Amendment, which may proceed. The Court has jurisdiction under

---

*Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted).

[5] This policy states that "Staff shall reject a publication, in whole or part if it . . . contains sexually explicit material." Sexually explicit material is defined in the policy's definitions section. *See* DOC P&P 810.03.VIII.5, *available at* https://doc.alaska.gov/pnp/pdf/810.03.pdf. The current version of all of DOC's P&Ps may be found at https://doc.alaska.gov/commissioner/policies-procedures.

[6] Docket 1 at 7.

[7] Docket 1 at 7.

[8] *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam))).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 2 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 2 of 15

28 U.S.C. § 1343. This order is not intended to be a final or a comprehensive analysis of Plaintiff's claim.

## DISCUSSION

### I. Plaintiff's Claim

Plaintiff claims Defendants "each acted under color of law by applying Alaska Department of Corrections (AKDOC) Policy and Procedure (P&P) 810.03 VIII, D. (Sexually explicit material) to speech in the book titled 'Repressed Memories: A Journey to Recovery from Sexual Abuse' and denying delivery of the book" to him in violation of his First Amendment rights.[9] Specifically, on May 5, 2023, Mailroom Clerk Scott Park is alleged to have refused to deliver Plaintiff's incoming mail, which included the book, "Repressed Memories" to Plaintiff.[10] Then, on June 13, 2023, in his response to Plaintiff's Request for Interview ("RFI"),[11] Superintendent Banachowicz stated he agreed with the mailroom clerk's decision to withhold the publication because it includes personal accounts of abuse from the victim's perspective, including "mildly graphic excerpts" that could be

---

[9] Docket 1 at 4–5.

[10] Docket 1 at 6. *See also* Docket 1-2 at 2.

[11] Before filing a grievance, DOC requires prisoners to seek informal resolution by filing a Request for Interview form. *See* DOC P&P 808.03.VII(A)(1)(b), *available at* https://doc.alaska.gov/pnp/pdf/808.03.pdf.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 3 of 15
Case 3:23-cv-00263-SLG    Document 5    Filed 04/23/24    Page 3 of 15

appropriate as part of a treatment program, but not for general population use.[12] Plaintiff then filed a grievance.[13]

On July 12, 2023, Sergeant Medlock reviewed excerpts from the book and denied Plaintiff's grievance. Citing the DOC policy's definition of sexually explicitly, he acknowledged that the book "might be beneficial in the proper setting with the appropriate guidance, but is inappropriate for general population under current standards, guidelines and policies."[14] On July 20, 2023, Superintendent Hamilton signed the grievance agreeing with Sergeant Medlock's determination.[15] Plaintiff filed an appeal ("Grievance Appeal" Statement).[16] On August 10, 2023, Divisions Operations Manager Sidney Wood denied Plaintiff's grievance appeal stating, "the facility's application of policy is appropriate[,] and the definitions applied to this publication are correct."[17] Plaintiff appealed that decision and on September 28, 2023, DOC Standards Administrator Keith Aki denied Plaintiff's Level III Grievance.[18]

---

[12] Docket 1-2.

[13] Docket 1-3 at 2–4.

[14] Docket 1-3 at 5.

[15] Docket 1-3 at 5.

[16] Docket 1-4.

[17] Docket 1-4 at 2.

[18] Docket 1-5 at 2- 4.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 4 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 4 of 15

Plaintiff claims each Defendant violated his First Amendment rights by denying him access to the "Repressed Memories" book.[19] Plaintiff alleges DOC Policy and Procedure ("P&P") 810.03 is unconstitutional in its current form and as applied to this specific book.[20] He insists that "Repressed Memories" is a "self-help bock and that if the proper test had been applied, that the book should be issued to [him]."[21] Plaintiff maintains that the "proper test" that should be applied in this case is the three-part test set forth in *Miller v. California.*[22] In that case, Miller was convicted for violating a California statue that prohibited the distribution of "obscene" material to unwilling recipients. On appeal, he argued that the jury instructions used to convict him violated his First Amendment rights.[23] The United States Supreme Court agreed and reversed his conviction, setting forth a three-part test for determining whether speech or expression can be labeled obscene, and therefore, prohibited or criminalized by state and federal laws.[24]

Although Plaintiff is correct that the definition of obscenity contained in 22 Alaska Administrative Code §05.0660 and cited to by Standards Administrator Aki closely mirrors the three-part *Miller* test, DOC is correct that the *Miller* test *"*does

---

[19] Docket 1-2 at 2.

[20] Docket 1 at 7.

[21] Docket 1 at 9.

[22] *See* Dockets 1-4 at 3–4 and 1-5 at 2–3.

[23] *Miller v. California,* 413 U.S. 15 (1973).

[24] *Id.*

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 5 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 5 of 15

not apply to an inmate's ability to possess a publication that contains sexually explicit material."[25] As explained further below, prison regulations may curtail prisoners' rights—including their First Amendment rights—so long as the regulations are reasonably related to legitimate penological interests.[26] Review of prison regulations "is highly deferential, and it often requires [federal courts] to uphold rules that, in contexts not involving prisons, would plainly violate the First Amendment."[27] Plaintiff appears to raise both a facial and as-applied challenge to the rejection of his mailings; each of which this order addresses.

## II. First Amendment Claims in Prisons

A prison regulation that infringes upon a First Amendment right "is valid if it is reasonably related to legitimate penological interests."[28] In determining whether a prison regulation is reasonably related to a legitimate penological interest, a federal court must consider the following factors, known as the *Turner* factors:

(1) whether there is a valid, rational connection between the policy and the legitimate governmental interest put forward to justify it;

---

[25] *See* Docket 1-5 at 4.

[26] *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (*quoting Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam)).

[27] *Prison Legal News v. Ryan*, 39 F.4th 1121, 1128 (9th Cir. 2022).

[28] *Turner v. Safley,* 482 U.S. 78, 79 (1987) (upholding restrictions on inmate-to-inmate correspondence); *see also Mauro v. Arpaio*, 188 F.3d 1054, 1058 (9th Cir. 1999) (en banc) (upholding ban on material depicting frontal nudity).
Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 6 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 6 of 15

(2) whether there are alternative means of exercising the right;

(3) whether the impact of accommodating the asserted constitutional right will have a significant negative impact on prison guards, other inmates and the allocation of prison resources generally; and

(4) whether the policy is an "exaggerated response" to the jail's concerns.[29]

### 1. Facial Challenge

A facial challenge to a prison policy challenges the application of the policy more broadly than to just the plaintiff's particular case.[30] "Ordinarily, a plaintiff seeking to prevail on a facial challenge must show that no set of circumstances exists under which the regulation would be valid[.]"[31] In the First Amendment context, however, the United States Supreme Court has "recognize[d] 'a second type of facial challenge,' whereby a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to [its] plainly legitimate sweep.' "[32] When a plaintiff presents such a facial challenge to

---

[29] *Turner v. Safley,* 482 U.S. 78, 79 (1987); *see also Mauro v. Arpaio*, 188 F.3d 1054, 1058 (9th Cir. 1999) (en banc) (upholding ban on material depicting frontal nudity).

[30] *See John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010) (facial challenges "reach beyond the particular circumstances of these plaintiffs.").

[31] *Prison Legal News v. Ryan,* 39 F.4th 1121, 1129 (9th Cir. 2022) (internal citations and quotations omitted).

[32] *United States v. Stevens,* 559 U.S. 460, 473 (2010) (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 n.6 (2008)).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 7 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 7 of 15

a prison regulation, a federal court evaluates it using the *Turner* framework, just as if the challenge were to a specific application of the regulation.[33]

The Ninth Circuit and other courts of appeals have applied the *Turner* four-factor test to uphold the constitutionality of prison rules that restrict the ingress and possession of sexually explicit materials.[34] Courts in Ninth Circuit have credited evidence showing "a rational connection between the availability of sexually explicit materials and harmful inmate behavior such as rape," "other forms of sexual predation," and "aggressive and inappropriate tendencies" when upholding similar prison bans on "sexually explicit materials."[35] However, at screening, the Court will not unilaterally apply the *Turner* factors.[36] The Court's interpretation of the policy should be informed by the parties' arguments regarding the policy's terms.[37]

---

[33] *Bahrampour v. Lampert*, 356 F.3d 969, 975 (9th Cir. 2004).

[34] *Bahrampour*, 356 F.3d at 972.

[35] *See, e.g., Bahrampour*, 356 F.3d at 972, 976 (upholding ban on mail containing sexually explicit material, including "portrayals of certain actual or simulated sexual acts"); *Frost v. Symington*, 197 F.3d 348, 357–58 (9th Cir. 1999) (upholding ban on explicit depictions of certain sexual acts); *Mauro v. Arpaio,* 188 F.3d 1054, 1057 (9th Cir. 1999) (upholding ban on materials that show "frontal nudity");

[36] *See United States v. Williams*, 553 U.S. 285, 293 ("[I]t is impossible to determine whether a statute reaches too far without first knowing what the statute covers") (*citing United States v. Williams*, 553 U.S. 285, 293 (2008)).

[37] *See Prison Legal News v. Ryan,* 39 F.4th 1121, 1130-32 (9th Cir. 2022) (evaluating each parties arguments regarding the meaning of the challenged language).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 8 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 8 of 15

## 2. As Applied Challenge

To support an "as applied" challenge, Plaintiff must show that his individual circumstances make the general application of DOC's policy unconstitutional.[38] As-applied challenges are also subject to the *Turner* framework.[39] Courts owe "substantial deference to the professional judgment of prison administrators,"[40] and "restrictions on sexually explicit material are heightened when involving a sex offender."[41] However, due to the very nature of Plaintiff's claim—that Defendants withheld a certain publication from Plaintiff in violation of the First Amendment—the Court has insufficient information to determine whether the publication in question contains sexually explicit material as defined by DOC's policies.

In a recent unpublished case, the Ninth Circuit found it reasonable for correctional officers to exclude an entire publication, even if the offending content is only on one or a few pages, only because the prisoner refused to accept a redacted version of the publication.[42] Similarly, another district court in the Ninth Circuit found no First Amendment violation when a facility screened and withheld certain articles deemed to threaten jail security, but the inmates were "sent a notice

---

[38] *See Doe v. United States*, 419 F.3d 1058, 1063 (9th Cir. 2005).

[39] *Prison Legal News v. Ryan,* 39 F.4th at 1135.

[40] *Overton v. Bazzetta,* 539 U.S. 126, 132 (2003).

[41] *Grenning v. Klemme*, 34 F. Supp. 3d 1144, 1155 (E.D. Wash. 2014) (citing *Bahrampour v. Lampert*, 356 F.3d 969, 979 (9th Cir. 2004)).

[42] *Williams v. Thornell,* Case No. 20-17507, 2023 WL 4612023, at *2 n.3 (9th Cir. 2023) (unpublished).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 9 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 9 of 15

if a portion of the edition is removed but then allowed to read the remainder of the edition."[43]

In this case, it is likely rational for DOC to redact those portions of articles or books that graphically describe incidents of sexual violence perpetrated against minors in violation of its policy.[44] However, it is unclear why, if there are only several "mildly graphic" excerpts[45] in "Repressed Memories," the entire book must be withheld, particularly as DOC staff acknowledged that the book "could be appropriate" with proper guidance or as part of a treatment program.[46]

## CONCLUSION

Accepting Plaintiff's factual allegations as true, liberally construing the allegations, and drawing all inferences therefrom in Plaintiff's favor, as the Court must at this stage, Plaintiff states a cognizable claim that Defendants' wholesale rejection of "Repressed Memories" violated the First Amendment. Therefore, this case may proceed to the next stage of litigation.

---

[43] *Venegas v. Cnty. of Riverside,* Case No. 520CV01359JLSSHK, 2023 WL 7308133, at *12 (C.D. Cal. 2023), *report and recommendation adopted,* 2023 WL 7301425 (C.D. Cal. 2023).

[44] *Prison Legal News v. Ryan,* 39 F.4th 1121, 1137 (9th Cir. 2022) (internal citations omitted).

[45] *See* Docket 1-1 at 2.

[46] *See* Dockets 1-2 at 2; 1-3 at 5. *Cf. Prison Legal News,* 39 F.4th at 1133 (holding that prison policy banning content "that may, could reasonably be anticipated to, could reasonably result in, is or appears to be intended to cause or encourage sexual excitement or arousal or hostile behaviors, or that depicts sexually suggestive settings, poses or attire" was not rationally related to "prison interests").

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 10 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 10 of 15

Local Civil Rule 16.1(a)(9) provides that unless otherwise ordered by the court, cases filed by self-represented prisoners are exempted from the requirement of scheduling conferences and scheduling orders. Therefore, this case will proceed as described below. However, the Court also encourages the parties to consider participating at a judicial settlement conference. On motion of both parties, the Court may order a settlement conference before a United States Magistrate Judge.[47]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint has been screened pursuant to 28 U.S.C. § 1915(e)(2)(B), and liberally construed, may state a claim for relief under the First Amendment, which may proceed.

2. Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

3. Plaintiff's motion to proceed without *prepaying t*he filing fee at **Docket 2 is GRANTED.**

---

[47] Local Civil Rule 16.2(c). *See also* Local Civil Rule 16.2(d) (describing conduct of a judicial settlement conference).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 11 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 11 of 15

4.      Federal law only allows prisoners to waive *prepayment* of the fees associated with civil lawsuits.[48]  Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[49]   The Court will issue a separate order on the collection of the filing fee.

5.      If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[50]  Failure to comply may result in dismissal of this action.

6.      Plaintiff's motion at **Docket 3 is GRANTED.**

7.      The Clerk shall correct the spelling of Plaintiff's name and update the caption accordingly.

8.      The Clerk shall substitute the two partially named defendants in the docket with their full names: Deadra Banachowicz and Scott Park.

9.      The Court's finding that Plaintiff may proceed without *prepaying* the filing fee entitles him to service of process by the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d). However, service by the Marshals is unnecessary in this case because the Attorney General has indicated that the State of Alaska's

---

[48] 28 U.S.C. § 1915(a)-(b).

[49] 28 U.S.C. § 1915(b)(1)&(2).

[50]  The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 12 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 12 of 15

Department of Law will accept service on behalf of Defendants. *See* District of Alaska Miscellaneous General Order No. 769.

10. The Clerk of Court shall immediately send a copy of this order and the Complaint at Docket 1 to:

> Attorney Mark Cucci
> Chief Assistant Attorney General
> State of Alaska Department of Law
> 1031 West 4th Avenue, Suite 200
> Anchorage, AK 99501-1994

11. Each Defendant represented by the Attorney General for the State of Alaska shall have **sixty (60) days** after the entry of appearances to file an Answer or otherwise respond.[51]

12. After service of the Complaint, all future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff and name of the first the Defendant, and the title of the document, as illustrated on the first page of this order.[52]

13. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[53]

---

[51] *See* Fed. R. Civ. P. 4(d)(3).

[52] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[53] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Alaska District Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 13 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 13 of 15

Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

14. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[54] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

15. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

16. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page. Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. There is no charge for viewing

---

[54] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 14 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 14 of 15

case information or documents at courthouse public access terminals. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

17. The Clerk of Court is directed to send motion form PS12 to Plaintiff with this order.

DATED this 23rd day of April 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order Directing Service and Response
Page 15 of 15
Case 3:23-cv-00263-SLG   Document 5   Filed 04/23/24   Page 15 of 15