# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

THOMAS KELLAR,

           Plaintiff,

      v.

KEITH AKI, *et al.,*

           Defendants.[1]

Case No. 3:23-cv-00263-SLG

## ORDER RE PENDING MOTIONS

On April 30, 2024, the Court ordered service of the Complaint, and Defendants have since appeared through counsel.[2] Although the Court also encouraged the parties to consider filing to a joint motion for a judicial settlement conference,[3] they have not done so. Instead, now pending before the Court are three motions filed by self-represented prisoner Thomas Kellar ("Plaintiff") in this case.[4] On June 6, 2024, Plaintiff filed a "Notice to Withdraw" his motion to preserve the book at issue in this dispute, "Repressed Memories."[5] Therefore, the motion at

---

[1] On November 29, 2023, Plaintiff filed a motion to correct the spelling of his name and to substitute the true names of two defendants whose full names were previously unknown. Docket 3.

[2] Dockets 6, 8.

[3] Docket 6 at 11.

[4] Dockets 9 (Motion for Preliminary Injunction), 13 (Motion to Request Order to Preserve Evidence), and 20 (Motion for Evidentiary Hearing).

[5] Docket 24.

Docket 13 is DENIED as moot.[6] The Court now addresses the remaining two motions.

## Motion for a Preliminary Injunction

On May 9, 2024, Plaintiff filed a motion for a preliminary injunction.[7] Plaintiff also filed a supporting memorandum and an affidavit.[8] Defendants responded in opposition on May 20, 2024, and included a copy of the first page of the withheld book and a declaration from Superintendent Banachowicz.[9] Defendants note that the author of "Repressed Memories" explicitly disclaims using the book in any context other than as part of a course of treatment guided by a mental health professional.[10] Defendants filed a Plaintiff filed a reply on June 6, 2024.[11] On June 20, 2024, Defendants filed an errata their opposition that included the Amended Declaration of Deirdre Banachowicz correcting factual errors in her original declaration about Mr. Kellar's eligibility for sex offender treatment.[12]

---

[6] Litigants have a duty to preserve what they know or reasonably should know will be relevant evidence in a pending lawsuit. *See* Fed. R. Civ. P. 37.  Here, Defendant Banachowicz has stated that the withheld book at issue in this case will be preserved during the course of this litigation. *See* Docket 16 at 2.

[7] Docket 9.

[8] Dockets 10–11.

[9] Dockets 15–16.

[10] Docket 15 (referencing Docket 15-1).

[11] Docket 19.

[12] Docket 27, 27-1.

## I. Legal Standard

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right.[13] In *Winter v. Natural Resources Defense Council, Inc.*, the United States Supreme Court held that plaintiffs seeking preliminary injunctive relief must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.[14] Following *Winter*, the Ninth Circuit addressed the first element—the likelihood of success on the merits—and held that its "serious questions" approach to preliminary injunctions was still valid "when applied as a part of the four-element *Winter* test."[15] Under this approach, if a plaintiff shows "that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor.'"[16] Under either approach, when the government is a party to the action, as is the case here, the last two elements—the balance of hardships and consideration of the public interest—merge.[17]

---

[13] *Munaf v. Geren,* 553 U.S. 674, 689–90 (2008) (citations omitted).

[14] 555 U.S. 7, 20 (2008).

[15] *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011).

[16] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

[17] *Nken v. Holder*, 556 U.S. 418, 435 (2009).

In the context of prison litigation, a district court cannot give prospective relief without meeting the requirements of the Prison Litigation Reform Act ("PLRA").[18] The PLRA requires that any preliminary injunction sought "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."[19] While "federal courts 'must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners,'"[20] courts must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief" and respect principles of comity in tailoring any relief.[21] Thus, preliminary injunctive relief in this case, if warranted, would be solely with respect to the one book at issue and would not broadly preclude the Alaska Department of Corrections from applying or enforcing its policy restricting inmates from receiving sexually explicit materials statewide.[22]

---

[18] 18 U.S.C. § 3626.

[19] *Id.* § 3626(2).

[20] *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (quoting *Brown v. Plata*, 563 U.S. 493, 511 (2011)).

[21] *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018). *See also Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000) ("Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum.").

[22] Cf. Docket 9-1 (Plaintiff's Proposed Preliminary Injunction order).

"Courts asked to issue preliminary injunctions based on First Amendment grounds face an inherent tension: the moving party bears the burden of showing likely success on the merits . . . and yet within that merits determination the government bears the burden of justifying its speech-restrictive law."[23] As Plaintiff observes, the loss of First Amendment freedoms, for even minimal periods of time, may itself constitute irreparable injury.[24] However, prisoners' First Amendment rights are "necessarily limited by the fact of incarceration and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."[25] When a prison regulation impinges on an inmate's constitutional rights, the regulation is constitutionally valid if it is reasonably related to legitimate penological interests.[26]

## II.    Discussion

Although the Court found sufficiently cognizable claims for this case to proceed past the initial screening inquiry, it does not follow that Plaintiff has demonstrated a likelihood of success on the merits. Federal courts have routinely upheld regulations prohibiting inmates' receipt of mail containing sexually explicit

---

[23] *Cal. Chamber of Com. v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 478 (9th Cir. 2022) (alteration in original) (quoting *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1115 (9th Cir. 2011)).

[24] *Elrod v. Burns,* 427 U.S. 347, 373.

[25] *McElyea v. Babbitt,* 833 F.2d 196, 197 (9th Cir. 1987).

[26] *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 5 of 8
Case 3:23-cv-00263-SLG   Document 31   Filed 07/03/24   Page 5 of 8

material as constitutional.[27] But liberally construing the filings, Plaintiff has at least shown "that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—such that a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor.'"[28] But in this case, balancing the potential short-term threat to Plaintiff's First Amendment rights during the pendency of this case against DOC's interest in prohibiting the admission of allegedly sexually explicit material into the general population at the Palmer Correctional Center for purposes of security, rehabilitation, and safety, the balance of equities does not favor issuance of a preliminary injunction. That Plaintiff is not presently eligible for sex offender treatment at the facility does not tip the balance of hardships sharply in his favor.

For these reasons, Plaintiff's motion for a preliminary injunction at Docket 9 is DENIED.

---

[27] *See, e.g., Thornburgh v. Abbott*, 490 U.S. 401 (1989) (upholding federal prison regulations restricting sexually explicit material , deeming the "legitimacy" of the regulations' purpose to be "beyond question"); *Bahrampour v. Lampert,* 356 F.3d 969, 979 (9th Cir. 2004) (holding prison officials may prohibit receipt of sexually explicit materials in light of concerns about preventing the sexual harassment of prison guards and other inmates); *Mauro v. Arpaio,* 188 F.3d 1054, 1057–63 (9th Cir. 1999) (en banc) (upholding Arizona regulation prohibiting prisoners from possessing "sexually explicit materials," defined as "materials that show frontal nudity," including "personal photographs, drawings, and magazines and pictorials that show frontal nudity"); *Frost v. Symington,* 197 F.3d 348, 357 (9th Cir. 1999) (affirming district court's finding that the regulation prohibiting receipt of sexually explicit images in the prison did not unconstitutionally abridge the inmate's First Amendment rights); *Grenning v. Klemme,* 34 F.Supp.3d 1144, 1155 (E.D. Wash. 2014) (holding "no constitutional right is violated when prison staff refuse to deliver sexually explicit materials to an inmate because it is reasonably related to penological interests").

[28] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 6 of 8
Case 3:23-cv-00263-SLG   Document 31   Filed 07/03/24   Page 6 of 8

**Motion for an Evidentiary Hearing**

On June 6, 2024, Plaintiff filed a motion for an evidentiary hearing.[29] Defendants filed a response in opposition to the motion at Docket 28.

As set forth above, the Court has denied Plaintiff's motion for a preliminary injunction; an evidentiary hearing was not necessary to resolve that motion. Accordingly, the Motion for an Evidentiary Hearing is DENIED.

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's motion for a preliminary injunction at **Docket 9 is DENIED.**

2.      Plaintiff's motion for an order to preserve evidence at **Docket 13 is DENIED as moot**, as the motion was withdrawn**.**

3.      Plaintiff's motion for an evidentiary hearing at **Docket 22 is DENIED.**

4.      Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[30] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

5.      At all times, all parties shall keep the Court informed of any change of address or phone number.  Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address,

---

[29] Docket 22.

[30] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Alaska District Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

and its effective date.[31]  The Notice shall not include requests for any other relief.

A Notice of Change of Address form, PS23, may be obtained from the Clerk of

Court, if needed.  If a plaintiff fails to keep a current address on file with the Court,

that may result in a dismissal of the case without further notice.

      DATED this 3rd day of July 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[31] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 8 of 8