# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

THOMAS KELLAR, a/k/a T.J. Kellar,
a/k/a Tom Kellar, a/k/a Hammer,

        Plaintiff,

  v.

KEITH AKI, Standards Administrator, *et al.*,

        Defendants.

Case No. 3:23-cv-00263-SLG

## **ORDER RE PENDING MOTIONS**

Pending before the Court are several motions. At Docket 33 is Plaintiff Thomas Kellar's Motion to Inform the Court of Delay in Proceedings. Defendants Keith Aki, Deirdre Banachowicz, Jason Hamilton, Sam Medlock, Scott Park, and Sidney Wood did not file a response. At Docket 39 is Mr. Kellar's Motion for Sanctions. Defendants responded in opposition at Docket 46. At Docket 41 is Mr. Kellar's Motion to Strike. Defendants did not file a response. At Docket 47 is Defendants' Cross-Motion to Amend. Mr. Kellar responded in opposition at Docket 52. At Docket 49 is Mr. Kellar's Motion to Withdraw Motion for Sanctions. At Docket 55 is Mr. Kellar's Motion for Judicial Notice. Defendants did not file a response. At Docket 58 is Mr. Kellar's Motion for Declaratory Relief. Defendants did not file a response. Finally, at Docket 62 is Mr. Kellar's Motion to Compel Production of Documents. Defendants responded in opposition at Docket 65 and

Mr. Kellar replied at Docket 68.

## DISCUSSION

### I. Mr. Kellar's Motion to Inform the Court of Delay in Proceedings

Mr. Kellar requests that the Court take notice that he has experienced delays in receiving legal mail.[1] Mr. Kellar claims he received the Court's order at Docket 31—issued on July 3, 2024—on July 13, 2024.[2] Mr. Kellar further claims he "experienced significant delay in receiving legal mail from the court" because he believes he should have received the order on July 8, 2024.[3] Therefore, Mr. Kellar requests that "the [C]ourt take notice of this and note that the appearance of impropriety is present."[4]

As an initial matter, a five-day delay hardly constitutes a "significant" delay, especially over a holiday weekend. Further, Plaintiff has not alleged any specific employee is actively interfering with his mail or that he suffered an actual injury due to the delay. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[5] Additionally, Plaintiff has not requested any specific relief but

---

[1] Docket 33.

[2] Docket 33 at 1.

[3] Docket 33 at 1.

[4] Docket 33 at 1.

[5] *Lewis v. Casey*, 518 U.S. 343, 348 (1996) (citation and internal quotation marks omitted).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 2 of 11
Case 3:23-cv-00263-SLG   Document 71   Filed 10/22/24   Page 2 of 11

appears only to be giving the Court notice of the delay. Notices are a type of filing that should be rarely used and only for administrative functions—*i.e.,* to notify the Court of a change of address or for an attorney to appear to represent a client.[6] "Notices" that do not comply with the procedural rules should not be filed and will not be considered. Therefore, Mr. Kellar's motion is DENIED.

The Court notes that it generally follows the "prison mailbox rule" and considers an incarcerated person's filings to have been made at the time they are delivered by the inmate to prison authorities for forwarding to the Court clerk.[7]

## II. Mr. Kellar's Motion for Sanctions

Mr. Kellar moves the Court to impose sanctions on defense counsel pursuant to Federal Rule of Civil Procedure 11(b).[8] However, Mr. Kellar has subsequently filed a motion to withdraw his motion for sanctions.[9] The motion to withdraw is GRANTED and Mr. Kellar's Motion for Sanctions is WITHDRAWN.

---

[6] *See* Local Civil Rule 11.1(b) (mandating self-represented litigants submit notice of a change of address and telephone number); *see also* Local Civil Rule 11.1(a) (instituting procedures for attorneys entering an appearance on behalf of their client).

[7] *Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (quoting *Houston v. Lack*, 487 U.S. 266, 276 (1988)).

[8] Docket 39 at 1–2.

[9] Docket 49.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 3 of 11
Case 3:23-cv-00263-SLG    Document 71    Filed 10/22/24    Page 3 of 11

**III. Mr. Kellar's Motion to Strike and Defendants' Cross-Motion to Amend**

Next, Mr. Kellar moves to strike several affirmative defenses Defendants asserted in their Answer.[10] He moves to strike Defendants' first affirmative defense that his complaint fails to state a claim and contends that the Court's Screening Order found that the complaint states a plausible claim.[11] He maintains that the affirmative defense that Defendants are entitled to Eleventh Amendment or other immunity should be stricken because he is suing Defendants in their official capacities.[12] Further, he asserts that Defendants' affirmative defense that he has failed to exhaust his administrative remedies should be stricken because the Standards Administrator has reviewed his grievance.[13] And he insists that the affirmative defense that his claim is barred by the statute of limitations should be stricken because the statute of limitations only started running when his grievance was denied on September 28, 2023.[14] Defendants cross-moved to amend their answer to remove each of the affirmative defenses Mr. Kellar seeks to strike.[15]

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent,

---

[10] Docket 41.

[11] Docket 41 at 1.

[12] Docket 41 at 1.

[13] Docket 41 at 1.

[14] Docket 41 at 1.

[15] Docket 47; *see also* Docket 47-1 (proposed amended answer).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 4 of 11
Case 3:23-cv-00263-SLG    Document 71    Filed 10/22/24    Page 4 of 11

or scandalous matter." The function of a motion to strike is to avoid unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial.[16] "Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties."[17]

Here, the deadline to amend the pleadings was August 14, 2024; Defendants filed their motion to amend the following day.[18] Federal Rule of Civil Procedure 16(b)(4) provides that the scheduling order's deadline can only be modified "for good cause." The "good cause" inquiry "primarily considers the diligence of the party seeking the amendment."[19] Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires."

Defendants moved to amend their answer after the Scheduling Order's deadline had passed. Nonetheless, there is good cause to allow Defendants to amend after the deadline as they filed the motion only one day after the deadline

---

[16] *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

[17] *Tran v. Smith*, Case No. 1:19-cv-00148-DAD-SAB (PC), 2021 WL 2142622, at *2 (E.D. Calif. May 26, 2021).

[18] *Compare* Docket 47 (filed August 15, 2024) *with* Docket 26 at 1 (imposing a deadline of August 14, 2024 for amending pleadings).

[19] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 5 of 11
Case 3:23-cv-00263-SLG    Document 71    Filed 10/22/24    Page 5 of 11

and in order to address the issues Plaintiff brought to their attention. Further, there is no prejudice that will result from allowing Defendants to amend their Answer to remove the affirmative defenses that Mr. Kellar moved to strike. Therefore, Defendants' Motion to Amend is GRANTED and Mr. Kellar's Motion to Strike is DENIED AS MOOT. Defendants shall file a clean copy of their Amended Answer at Docket 47-1 **within 7 days** of this order.

## IV.     Mr. Kellar's Motion for Judicial Notice

Mr. Kellar requests the Court take judicial notice of Alaska Supreme Court and Alaska Superior Court decisions.[20] Defendants did not respond.

Federal Rule of Evidence 201 provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[21]

If Mr. Kellar asks the Court to consider the legal reasoning in a particular court decision when the Court is addressing motions in this case, he need not seek judicial notice. Court decisions are sources of law, not fact. Federal Rule of Evidence 201 allows courts to judicially notice *facts*. The Court does not need to take judicial notice of the legal analysis in another court's decision in order to consider whether its reasoning might apply in this case. Therefore, Mr. Kellar's

---

[20] Docket 55.

[21] Fed. R. Evid. 201(b).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 6 of 11
Case 3:23-cv-00263-SLG    Document 71    Filed 10/22/24    Page 6 of 11

motion is DENIED. Further, if Mr. Kellar intends to quote other judicial decisions in future filings in this case, he should cite to the precise page of the decision on which the relevant quote appears.

## VI. Mr. Kellar's Motion for Declaratory Relief

Mr. Kellar moves for declaratory relief and asserts that Alaska Department of Corrections Policy 810.03 violates the First Amendment and Due Process Clause of the 14th Amendment.[22] Defendants did not respond.

Declaratory relief is not warranted with respect to Mr. Kellar's First Amendment claim. In this motion, Mr. Kellar does not explain why the Department of Corrections policy violates the First Amendment. And, in its order on Mr. Kellar's motion for a preliminary injunction, this Court explained that "[f]ederal courts have routinely upheld regulations prohibiting inmates' receipt of mail containing sexually explicit material as constitutional."[23]

Additionally, this Court cannot award declaratory relief on Mr. Kellar's Fourteenth Amendment claim as Mr. Kellar's Complaint solely pleads a First Amendment claim.[24] Federal Rule of Civil Procedure 8(a)(2) requires that a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Claims not included in Plaintiff's operative complaint

---

[22] Docket 58 at 1.

[23] Docket 31 at 5–6 (collecting cases).

[24] *See* Docket 1 at 3.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 7 of 11
Case 3:23-cv-00263-SLG   Document 71   Filed 10/22/24   Page 7 of 11

cannot be considered unless Plaintiff files a motion to amend the scheduling order to allow him to file a motion to amend the Complaint to add the additional claim and the Court grants that relief.[25] Because the operative complaint does not allege a Fourteenth Amendment claim, Mr. Kellar's motion with respect to such a claim is DENIED.[26]

## VII. Mr. Kellar's Motion to Compel

Finally, Mr. Kellar moves to compel the production of a particular book, "Repressed Memories: A Journey to Recovery from Sexual Abuse."[27] Defendants respond that it appropriately withheld the book because it contains sexually explicit material that violates Department of Corrections policy and that the "Ninth Circuit has explicitly affirmed that a correctional facility can continue to withhold sexually explicit materials, even in the discovery process, during the pendency of litigation challenging the constitutionality of the prison policies prohibiting such materials."[28]

In this case, Mr. Kellar alleges that Defendants violated his First Amendment rights "by applying Alaska Department of Corrections Policy and Procedure 810.03

---

[25] *See* Docket 26 at 1 (specifying that motions to amend must be filed by August 14, 2024); *see also* Fed. R. Civ. P. 16(b)(4) (requiring a party show "good cause" to modify the scheduling order).

[26] Local Civil Rule 15.1 requires that "[a] party moving to amend a pleading must attach the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must clearly indicate how it differs from the pleading it amends, by bracketing or striking through the text to be deleted and underlining the text to be added."

[27] Docket 62 at 1.

[28] Docket 65 at 1–2, 4–7 (citing *Williams v. Thornell*, Case No. 20-17507, 2023 WL 4612023, at *1 (9th Cir. 2023)).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 8 of 11
Case 3:23-cv-00263-SLG    Document 71    Filed 10/22/24    Page 8 of 11

VIIII., D. (Sexually explicit material) to speech in the book titled "Repressed Memories: A Journey to Recovery from Sexual Abuse," and denying delivery of the book to" him.[29] In May 2024, Mr. Kellar submitted requests for production to Defendants, including a request for production of this very book.[30] Defendants objected to this discovery request on the grounds that "this request implicates the Department of Corrections' institutional security" and "violates Department of Corrections' policy."[31] Because Defendants did not produce the book, Mr. Kellar moved to compel.[32]

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery, providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case." If a party responding to a discovery request fails to answer an interrogatory or provide requested documents, the other party may move under Rule 37 for an order compelling answers to interrogatories or the production of responsive documents.[33] "The party that resists discovery has the burden to show why the discovery request should be denied."[34]

---

[29] Docket 1 at 5.

[30] Docket 65-2 at 1.

[31] Docket 65-3 at 2.

[32] Docket 62.

[33] Fed. R. Civ. P. 37(a)(3)(B).

[34] *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst*

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 9 of 11
Case 3:23-cv-00263-SLG   Document 71   Filed 10/22/24   Page 9 of 11

In *Williams v. Ryan*, as in this case, a plaintiff challenged a correctional policy that prohibited sexually explicit material.[35] During the suit, the plaintiff made a discovery request for production of 50 publications that the defendant had banned.[36] When the plaintiff moved to compel, the trial court denied relief, noting that "[a]t this stage of the proceedings, the policy has not been found unconstitutional" and "that the mere filing of this lawsuit does not give Plaintiff a right of access to the publications identified in the complaint."[37] Ultimately, the trial court concluded that "the publications identified in the complaint are not relevant to Defendants' primary summary judgment argument that the ADOC policy banning sexually explicit material is facially constitutional."[38] On appeal, the Ninth Circuit affirmed.[39]

The same reasoning applies in this case. The contents of the "Repressed Memories" book are not relevant to Mr. Kellar's challenge to the constitutionality of the Department of Corrections' policy. Mr. Kellar's motion to compel the production of an unredacted copy of the book is therefore DENIED.

---

*Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

[35] *Williams v. Ryan*, Case No. 2:17-cv-01833-DGC-CDB, at *1 (D. Ariz. Mar. 11, 2019) (filed as an exhibit at Docket 65-1).

[36] *Id.* at *4.

[37] *Id.*

[38] *Id.* at *5.

[39] *Williams v. Thornell*, Case No. 20-17507, 2023 WL 4612023, at *1 (9th Cir. July 19, 2023).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 10 of 11
Case 3:23-cv-00263-SLG    Document 71    Filed 10/22/24    Page 10 of 11

## CONCLUSION

For the foregoing reasons, the Court rules as follows:

1. Mr. Kellar's Motion to Inform the Court of Delay in Proceedings at Docket 33 is DENIED.

2. Mr. Kellar's Motion to Withdraw Motion for Sanctions at Docket 49 is GRANTED. His Motion for Sanctions at Docket 39 is WITHDRAWN.

3. Mr. Kellar's Motion to Strike at Docket 41 is DENIED.

4. Defendants' Cross-Motion to Amend at Docket 47 is GRANTED. Defendants shall file a clean copy of their Amended Answer at Docket 47-1 **within 7 days** of this order.

5. Mr. Kellar's Motion for Judicial Notice at Docket 55 is DENIED.

6. Mr. Kellar's Motion for Declaratory Relief at Docket 58 is DENIED.

7. Mr. Kellar's Motion to Compel at Docket 62 is DENIED.

DATED this 22nd day of October, 2024, at Anchorage, Alaska.

*/s/ Sharon*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order re Pending Motions
Page 11 of 11
Case 3:23-cv-00263-SLG    Document 71    Filed 10/22/24    Page 11 of 11