# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS KELLAR,<br><br>               Plaintiff,<br><br>     v.<br><br>KEITH AKI, et al.,<br><br>               Defendants. | Case No. 3:23-cv-00263-SLG |

## ORDER ON ALL PENDING MOTIONS

Before the Court at Dockets 86 and 87 are Defendants' Motion and Memorandum for Summary Judgment Pursuant to Rule 56. Plaintiff filed his opposition at Dockets 100 and 101. Defendants replied at Docket 108. At Docket 96, Defendants moved to file ex parte unredacted versions of excerpts from a book and their expert's report that contain sexually explicit content.[1] They also filed redacted versions of each document on the public docket.[2] Plaintiff opposed this motion at Docket 104, to which Defendants replied at Docket 109. Also before the Court are Plaintiff's motion for contempt at Docket 111 and motion for declaratory judgment at Docket 114. Defendants' oppositions to the motions are at Dockets 116 and 117. Oral argument was not requested on any motion and was not necessary to the Court's determination.

---

[1] Docket 96. The Court originally granted this motion as unopposed at Docket 97, but later set aside that order and permitted Plaintiff to file an untimely opposition. Docket 107.

[2] Dockets 87-3, 87-4.

## BACKGROUND

On November 16, 2023, self-represented prisoner Thomas Kellar ("Plaintiff") filed a Complaint and an application to waive prepayment of the filing fee.[3] Plaintiff is a convicted prisoner and has been incarcerated at the Palmer Correctional Center in the custody of the Alaska Department of Corrections ("DOC") at all relevant times.[4] The Court takes judicial notice of Plaintiff's underlying conviction in *State of Alaska vs. Kellar,* Case No. 3PA-17-00920CR, in which Plaintiff plead guilty to violating Alaska Statute § 11.41.434(a)(2), Sex Abuse of a Minor.[5] As explained further below, Plaintiff alleges six DOC employees violated his First Amendment rights for their various roles by refusing to deliver to Plaintiff of a book based on their determinations that the book contained sexually explicit material in violation of DOC Policy and Procedure ("P&P") 810.03 VIII.D.5.[6] Plaintiff alleges that P&P

---

[3] Dockets 1–2.

[4] Docket 1 at 2, 5.

[5] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the docket records of the Alaska Trial Courts and the Alaska Appellate Courts, which may be accessed online at https://courts.alaska.gov/main/search-cases.htm. S*ee United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[6] This policy states that "Staff shall reject a publication, in whole or part if it . . . [c]ontains sexually explicit material." Sexually explicit material is defined in the policy's definitions section. *See* DOC P&P 810.03 VIII.D.5, *available at* https://doc.alaska.gov/pnp/pdf/810.03.pdf. The current version of all of DOC's P&Ps may be found at https://doc.alaska.gov/commissioner/policies-procedures.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 2 of 19
Case 3:23-cv-00263-SLG    Document 118    Filed 12/29/25    Page 2 of 19

810.03 is unconstitutional in its current form and as applied to this specific book.[7] For relief, Plaintiff requests the Court order defendants to give him the book, issue an injunction "preventing [DOC] from continuing to enforce AKDOC P&P 810.03 in its current form, as it does not comply with Supreme Court Case law," and award him damages in an amount to be determined at trial.[8]

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the burden of showing that "there is an absence of evidence to support the nonmoving party's case."[9] If the movant meets this burden, the non-moving party must "designate 'specific facts showing that there is a genuine issue for trial.'"[10] The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable

---

[7] Docket 1 at 7.

[8] Docket 1 at 7.

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[10] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e) (1986)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 3 of 19
Case 3:23-cv-00263-SLG    Document 118    Filed 12/29/25    Page 3 of 19

jury could return a verdict for the nonmoving party."[11] When evaluating the record to decide a motion for summary judgment, a court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party.[12] Nonetheless, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[13]

## DISCUSSION

Plaintiff claims each Defendant violated his First Amendment rights by denying him access to a book titled "*Repressed Memories: A Journey to Recovery from Sexual Abuse*" ("*Repressed Memories*").[14] Plaintiff alleges DOC Policy and Procedure ("P&P") 810.03 is unconstitutional because it bans sexually explicit material.[15] He claims that only obscene material can be banned, and that *Repressed Memories* is a "self-help book and that if the proper test was applied, that the book should be issued to [him]."[16] Plaintiff maintains that the "proper test" to apply is the three-part test set forth in *Miller v. California*.[17] In that case, Miller

---

[11] *Anderson*, 477 U.S. at 248.

[12] *See Reed v. Lieurance,* 863 F.3d 1196, 1204 (9th Cir. 2017).

[13] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

[14] Docket 1 at 7.

[15] Docket 1 at 7.

[16] Docket 1 at 9.

[17] *See* Dockets 1-4 at 3–4 and 1-5 at 2–3.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 4 of 19
Case 3:23-cv-00263-SLG     Document 118     Filed 12/29/25     Page 4 of 19

was convicted for violating a California statute that prohibited the distribution of "obscene" material to unwilling recipients.[18] On appeal, Miller argued that the jury instructions used to convict him violated his First Amendment rights.[19] The United States Supreme Court agreed and reversed his conviction, setting forth a three-part test for determining whether speech or expression can be labeled obscene, and therefore, prohibited or criminalized by state and federal laws.[20]

Plaintiff also cites to 22 Alaska Administrative Code ("AAC") §§ 05.510(b) and 05.660(22).[21] 22 AAC § 05.510 provides, in relevant part, that prisoners may purchase and read books, "except materials that are obscene, as defined in 22 AAC 05.660, or that could reasonably be expected to . . . have an adverse impact on the rehabilitation of the prisoner possessing the material or other prisoners who have access to it." 22 AAC 05.660(22) defines "obscene" in terms that closely track *Miller*'s three-part test. Plaintiff appears to assert that DOC's prohibition on sexually explicit material is unconstitutional because it violates these DOC regulations.[22]

Plaintiff also claims Defendants "each acted under color of law by applying Alaska Department of Corrections (AKDOC) Policy and Procedure (P&P) 810.03

---

[18] *Miller v. California,* 413 U.S. 15, 16–18 (1973).

[19] *Id.* at 20.

[20] *Id.* at 24–25.

[21] Docket 101 at 2.

[22] Docket 101 at 2-3.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 5 of 19
Case 3:23-cv-00263-SLG    Document 118    Filed 12/29/25    Page 5 of 19

VIII, D. (Sexually explicit material) to speech in the book titled 'Repressed Memories: A Journey to Recovery from Sexual Abuse' and denying delivery of the book" to him in violation of his First Amendment rights.[23] Specifically, on May 5, 2023, Mailroom Clerk Scott Park is alleged to have denied delivery of *Repressed Memories* to Plaintiff.[24] Then, on June 13, 2023, in his response to Plaintiff's Request for Interview ("RFI"),[25] Superintendent Banachowicz stated she agreed with the mailroom clerk's decision to withhold the publication.[26] Plaintiff then filed a grievance.[27]

On July 12, 2023, Sergeant Medlock reviewed excerpts from the book and denied Plaintiff's grievance.[28] Citing the DOC policy's definition of sexually explicit material, he acknowledged that the book "might be beneficial in the proper setting with the appropriate guidance, but is inappropriate for general population under current standards, guidelines and policies."[29] On July 20, 2023, Superintendent

---

[23] Docket 1 at 5–7.

[24] Docket 1 at 6; *see also* Docket 1-2 at 2.

[25] Before filing a grievance, DOC requires prisoners to seek informal resolution by filing a Request for Interview form. *See* DOC P&P 808.03.VII(A)(1)(b), *available at* https://doc.alaska.gov/pnp/pdf/808.03.pdf.

[26] Docket 1-2 at 2.

[27] Docket 1-3 at 2–4.

[28] Docket 1-3 at 5.

[29] Docket 1-3 at 5.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 6 of 19
    Case 3:23-cv-00263-SLG    Document 118    Filed 12/29/25    Page 6 of 19

Jason Hamilton affirmed Sergeant Medlock's determination.[30] Plaintiff appealed, asserting that "the self-help nature of the material in this book clearly holds educational value and is absolutely worthy of First Amendment protection."[31] On August 10, 2023, Division Operations Manager Sidney Wood denied Plaintiff's grievance appeal stating, "the facility's application of policy is appropriate and the definitions applied to this publication are correct."[32] Plaintiff again appealed that decision and on September 28, 2023, DOC Standards Administrator Keith Aki denied Plaintiff's Level III Grievance.[33]

On May 8, 2025, Superintendent Hamilton filed a declaration in this action attesting that he and Superintendent Banachowicz had spent 12 hours reading *Repressed Memories* and determined that the book contained "written descriptions of acts of sexual violence against children" in violation of DOC P&P 810.03's prohibition against inmates receiving sexually explicit material in the mail.[34] He declared that, in his experience as a prison administrator, sexually explicit materials are used by inmates to barter in a "black market" economy, which facilitates "the spread of contraband through a correctional facility, including the sexually explicit

---

[30] Docket 1-3 at 5.

[31] Docket 1-4 at 4.

[32] Docket 1-4 at 2.

[33] Docket 1-5 at 2–4.

[34] Docket 88 at 1–2.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 7 of 19
Case 3:23-cv-00263-SLG    Document 118    Filed 12/29/25    Page 7 of 19

material itself, drugs, and instruments that can be used as weapons."[35] He noted that Plaintiff was one of approximately 500 inmates at the Palmer Correctional Center and reviewing material that contained any sexually explicit content to redact prohibited passages would be "a substantial administrative burden[.]"[36]

For the reasons set forth below, summary judgment in favor of Defendants is appropriate in this case. As a matter of law, Plaintiff cannot prevail on a facial or as-applied challenge to DOC P&P 810.03 and DOC officials' rejection of the *Repressed Memories* book.

I. **Motion to File Ex Parte**

At Docket 96, Defendants seek to file ex parte and under seal those portions of their expert's report and the disputed book that they maintain contain sexually explicit content.[37] They state that the only possible way Plaintiff could use the redacted portions of these documents is to argue that the redacted portions were not sexually explicit.[38] But they maintain that Plaintiff's opinion as to the content would be inadmissible, because personal opinions are not evidence regarding issues of professional judgment.[39]

---

[35] Docket 88 at 2.

[36] Docket 88 at 2.

[37] Docket 96. The unredacted version of these documents are filed ex parte and under seal at Docket 90.

[38] Docket 96 at 3.

[39] Docket 96 at 3 (citing *Williams v. Thornell*, Case No. 20-17507, 2023 WL 46112023, at *1 (9th Cir. Jul. 19, 2023)).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 8 of 19
Case 3:23-cv-00263-SLG   Document 118   Filed 12/29/25   Page 8 of 19

In his opposition, Plaintiff states that he "is not and has not ever asserted that the materials are not sexually explicit"; rather, he falls back on his argument that DOC can only prohibit inmates from possessing obscene materials, not sexually explicit materials.[40]

The Court finds Plaintiff will not be prejudiced in opposing summary judgment by his inability to view the sexually explicit content at issue.[41] It appears undisputed that the redacted materials are sexually explicit—at issue is whether it is constitutionally permissible for DOC to ban such materials from prisoners in its custody. Therefore, the motion at Docket 96 is GRANTED and the filings at Docket 90 shall remain ex parte and under seal.

## II. First Amendment Claims in Prisons

A prison regulation that infringes upon a First Amendment right "is valid if it is reasonably related to legitimate penological interests."[42] Under the *Turner* framework, as explained further below, "prison regulations may curtail [prisoners'] rights"—including their First Amendment rights—so long as the regulations are reasonably related to legitimate penological interests.[43] Review of prison

---

[40] Docket 104.

[41] *See Beard v. Banks*, 548 U.S. 521, 530 (2006).

[42] *Turner v. Safley,* 482 U.S. 78, 89 (1987); *see also Mauro v. Arpaio*, 188 F.3d 1054 (9th Cir. 1999) (en banc) (upholding ban on material depicting frontal nudity).

[43] *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (*quoting Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam)).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 9 of 19
Case 3:23-cv-00263-SLG    Document 118    Filed 12/29/25    Page 9 of 19

regulations "is highly deferential, and it often requires [federal courts] to uphold rules that, in contexts not involving prisons, would plainly violate the First Amendment."[44]

### A. Facial Challenge

A facial challenge to a prison policy challenges the application of the policy more broadly than to just the plaintiff's particular case.[45] "Ordinarily, a plaintiff seeking to prevail on a facial challenge must show that no set of circumstances exists under which the regulation would be valid[.]"[46] In the First Amendment context, however, the United States Supreme Court has "recognize[d] 'a second type of facial challenge,' whereby a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to [its] plainly legitimate sweep.'"[47]

### B. As Applied Challenge

To support an "as applied" challenge, a plaintiff must show that his individual circumstances make the application of a policy unconstitutional as to that particular

---

[44] *Prison Legal News v. Ryan*, 39 F.4th 1121, 1128 (9th Cir. 2022).

[45] *See John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010) (explaining that facial challenges "reach beyond the particular circumstances of these plaintiffs").

[46] *Prison Legal News,* 39 F.4th at 1129 (quoting *United States v. Stevens*, 559 U.S. 460, 472 (2010)) (internal citations and quotations omitted).

[47] *Stevens,* 559 U.S. at 473 (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 n.6 (2008)).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 10 of 19
Case 3:23-cv-00263-SLG    Document 118    Filed 12/29/25    Page 10 of 19

plaintiff.[48] As-applied challenges are also subject to the *Turner* framework.[49] Courts owe "substantial deference to the professional judgment of prison administrators,"[50] and restrictions on sexually explicit material "are even heightened when involving a sex offender."[51]

### C. DOC P&P 810.03 is Constitutional under *Turner*

The Ninth Circuit and other courts of appeals have applied the *Turner* framework to uphold the constitutionality of prison rules that restrict the ingress and possession of sexually explicit materials by prison inmates.[52] The *Turner* framework considers four factors: (1) whether there is a valid, rational connection between the policy and a legitimate government interest used to justify the regulation; (2) whether prisoners retain alternative means of exercising the right at issue; (3) the impact the requested accommodation will have on inmates, prison staff, and prison resources generally; and (4) whether the prisoner has identified ready alternatives to the policy that could be implemented at a minimal cost to

---

[48] *See Doe v. United States*, 419 F.3d 1058, 1063 (9th Cir. 2005).

[49] *Prison Legal News,* 39 F.4th at 1129 (citing *Bahrampour v. Lampert*, 356 F.3d 969, 975 (9th Cir. 2004)).

[50] *Overton v. Bazzetta,* 539 U.S. 126, 132 (2003).

[51] *Grenning v. Klemme*, 34 F. Supp. 3d 1144, 1155 (E.D. Wash. 2014) (citing *Bahrampour*, 356 F.3d at 979).

[52] *Bahrampour*, 356 F.3d at 975.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 11 of 19
Case 3:23-cv-00263-SLG    Document 118    Filed 12/29/25    Page 11 of 19

meet legitimate penological interests.[53] Both facial and as-applied challenges are evaluated under the *Turner* framework.[54]

### 1. Rational Connection

The first *Turner* factor requires that the policy be validly and rationally connected to a legitimate government interest.[55] Here, DOC P&P 810.03 prohibits inmates from receiving sexually explicit material in the mail.[56] Defendants assert that the policy "is intended to prevent inmates from possessing sexually explicit material while incarcerated which in turn is intended to maintain institutional security by preventing sexual violence amongst inmates and preventing their use as barter material in black markets within the prison."[57] This is a legitimate government interest.[58]

And, "[s]o long as the content at issue meets the narrow definition of 'sexually explicit,' prohibiting it can be rationally related to the [DOC]'s objectives."[59] "[Sexually explicit] indicates that the [DOC] may restrict sexual content only to the extent that it describes or shows, in a sufficiently graphic

---

[53] *Turner,* 482 U.S. at 89–91.

[54] Prison Legal News, 39 F.4th at 1129; see also Bahrampour, 356 F.3d at 975.

[55] *Mauro,* 188 F.3d at 1058–59.

[56] DOC P&P 810.03 V.B.13.

[57] Docket 87 at 13; Docket 88 at 2–3.

[58] *Prison Legal News,* 39 F.4th at 1131–32.

[59] *Id.* at 1133.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 12 of 19
Case 3:23-cv-00263-SLG     Document 118     Filed 12/29/25     Page 12 of 19

manner, nudity or [] sexual acts . . . . A mere mention of sex is not enough."[60] Here, it is undisputed that certain content in *Repressed Memories* is sexually explicit.[61] Therefore, DOC P&P 810.03 is rationally connected to the legitimate government interest in maintaining security, order, rehabilitation and avoiding sexual harassment within the prison.

### 2. Alternative Avenues

DOC P&P 810.03 also satisfies the second *Turner* factor because it allows for alternative means for Plaintiff to exercise his rights. The policy allows sexually explicit materials upon approval by the superintendent on a case-specific basis.[62] And, specifically as to Plaintiff, the policy allows him to order other self-help books that do not contain unapproved sexually explicit material.[63]

### 3. Impact on Others

Regarding the third *Turner* factor, Defendants assert that the policy prohibiting sexually explicit materials maintains "institutional security by preventing

---

[60] *Id.* at 1130.

[61] DOC's definition of "Sexually Explicit Material" in DOC P&P 810.03 includes "any book . . . that graphically depicts through text any . . . sexual activity involving children, an unwilling participant, or the participant who is the subject of coercion." DOC P&P 810.03, DEFINITIONS. *See also* Docket 87-4 at 2–4.

[62] DOC P&P 810.03, V.B.13.b. (allowing sexually explicit material that is "[e]ducational, medical/scientific, or artistic materials, including, but not limited to, anatomy medical reference books, general practitioner reference books and/or guides, National Geographic, or artistic reference material depicting historical, modern, and/or postmodern era art, purchased or possessed by prisoners and approved by the institution head or their designee on a case-by-case basis").

[63] DOC P&P 810.03, VIII. (describing the distribution of publications, including books).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 13 of 19
Case 3:23-cv-00263-SLG     Document 118     Filed 12/29/25     Page 13 of 19

sexual violence amongst inmates and preventing their use as barter material in black markets within the prison."[64] The Ninth Circuit has credited evidence showing "a rational connection between the availability of sexually explicit materials and harmful inmate behavior such as rape," "other forms of sexual predation," and "aggressive and inappropriate tendencies" when upholding similar prison bans on "sexually explicit materials."[65]

Defendants have provided expert opinion evidence from Neil Malamuth, Ph.D., in support.[66] Dr. Malamuth opines that "substantial portions" of the *Repressed Memories* book "are likely to be processed by an offender and some others in a manner similar to realistic pornography literature designed to sexually arouse the consumer."[67] He points out that "[s]cientific research supports causal connections between consumption of certain types of pornography and increased risk for sexual assault for certain men," including "child sex abuse material."[68] Dr. Malamuth states that the book "may be detrimental not only to [Plaintiff] but to the prison environment as a whole. It could be valued barter in the prison setting and

---

[64] Docket 87 at 13; Docket 88 at 2–3.

[65] *Bahrampour*, 356 F.3d at 976 (upholding ban on mail containing sexually explicit material, including "portrayals of certain actual or simulated sexual acts"); *see also Frost v. Symington*, 197 F.3d 348, 357–58 (9th Cir. 1999) (upholding ban on explicit depictions of certain sexual acts); *Mauro,* 188 F.3d at 1057 (upholding ban on materials that show "frontal nudity").

[66] Docket 87-4.

[67] Docket 87-4 at 1–2.

[68] Docket 87-4 at 4.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 14 of 19
Case 3:23-cv-00263-SLG   Document 118   Filed 12/29/25   Page 14 of 19

may increase the risks for this individual, as well as other inmates, of unwanted tendencies and sexual behaviors, including sexually aggressive behaviors."[69] For the reasons set forth above, the third *Turner* factor is satisfied here.

### 4. Exaggerated Response

Finally, DOC P&P 810.03 is not an "exaggerated response" to the prison's concerns for maintaining security, order, rehabilitation and avoiding sexual harassment within the prison.[70] In their summary judgment motion, Defendants point out the administrative burden required to review each passage in sexually explicit materials.[71] Specifically, Superintendent Hamilton testified that he and Superintendent Banachowitz collectively spent 12 hours reviewing *Repressed Memories* to redact the sexually explicit content and that adopting this practice for all inmates would impose a significant burden and additional costs on DOC.[72] And Plaintiff does not offer an alternative that accommodates his rights "at *de minimis* cost to valid penological interests."[73] Instead, Plaintiff explicitly rejects the *Turner* framework in his opposition to summary judgment.[74] Therefore, Plaintiff has not

---

[69] Docket 87-4 at 7.

[70] *Turner,* 482 U.S. at 90.

[71] Docket 87 at 18.

[72] Docket 88 at 2.

[73] *Turner,* 482 U.S. at 91.

[74] Plaintiff asserts that the *Turner* factors do not apply "because the policy in question is inval[i]d by DOC's own policy for creating and implementing policies." Docket 101 at 4.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 15 of 19

Case 3:23-cv-00263-SLG     Document 118     Filed 12/29/25     Page 15 of 19

met his burden "to show that there are obvious, easy alternatives to the regulation."[75]

For the foregoing reasons, the Court finds that DOC's policy on sexually explicit materials does not violate the First Amendment. DOC P&P 810.03 is reasonably related to legitimate penological interests, both on its face and as it has been applied to Plaintiff.

### III. Qualified Immunity

The doctrine of qualified immunity shields government actors from civil liability under Section 1983 if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[76] Qualified immunity ensures that "the officer had fair notice that her conduct was unlawful" when "judged against the backdrop of the law at the time of the conduct," thus protecting "all but the plainly incompetent or those who knowingly violate the law."[77] Government officials are not entitled to qualified immunity as a matter of law if (1) the facts taken in the light most favorable to the plaintiff show that the officials' conduct violated a constitutional right, and (2) that

---

[75] *Mauro,* 188 F.3d at 1062 (quoting *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 350 (1987) ("By placing the burden on prison officials to disprove the availability of alternatives, the approach articulated by the Court of Appeals fails to reflect the respect and deference that the United States Constitution allows for the judgment of prison administrators.")).

[76] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted).

[77] *Kisela v. Hughes,* 584 U.S. 100, 104 (2018) (per curiam).

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 16 of 19
Case 3:23-cv-00263-SLG    Document 118    Filed 12/29/25    Page 16 of 19

right was clearly established at the time of the alleged violation.[78] Qualified immunity applies unless both prongs of the inquiry are satisfied.[79]

For the reasons set forth above, DOC P&P 810.03 does not violate Plaintiff's rights under the First Amendment in the context of a prison environment. However, even if a constitutional violation could be found, Defendants are entitled to qualified immunity because it was not clearly established that DOC P&P 810.03 was unconstitutional. To the contrary, the Ninth Circuit has repeatedly upheld prison bans on, and restrictions of, sexually explicit materials as reasonably related to the same institutional concerns.[80]

In his opposition to Defendants' summary judgment motion, Plaintiff asserts that DOC P&P 810.03 conflicts with the Alaska Administrative Code provisions governing mail (22 AAC 05.510 and 05.520) and should be considered "invalid" for that reason.[81] He also alleges that the Alaska regulations render *Turner* inapplicable.[82] First, it is not at all clear that DOC's policy violates the Administrative Code, as 22 AAC 05.510 bans not only obscene material, but also

---

[78] *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

[79] *See Pearson*, 555 U.S. at 232.

[80] *See Bahrampour*, 356 F.3d at 976 (upholding ban on mail containing sexually explicit material, including "portrayals of certain actual or simulated sexual acts"); *Frost*, 197 F.3d at 357–58 (upholding ban on explicit depictions of certain sexual acts); *Mauro,* 188 F.3d at 1057 (upholding ban on materials that show "frontal nudity").

[81] Docket 101 at 2–7.

[82] Docket 101 at 4.
Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 17 of 19

material that "could reasonably be expected to . . . have an adverse impact on the rehabilitation of the prisoner possessing the material or other prisoners who have access to it." Second, even if DOC's policy is inconsistent with Alaska's regulations, violations of state administrative regulations do not establish a federal constitutional violation.[83]

In light of the foregoing, Defendants' Motion for Summary Judgment Pursuant to Rule 56 at Docket 86 is GRANTED.

## IV. Plaintiff's Other Motions

On October 28, 2025, Plaintiff filed a motion titled "Motion for Contempt of Order to Collect Filing Fee" requesting that the Court find Superintendent Deidre Banachowicz "guilty of contempt of this court" and order her to pay "the sum of $55.00 (the outstanding balance of filing fees due in this case)."[84] Defendants responded on November 12, 2025 at Docket 116. Defendants request denial of Plaintiff's motion because the filing fee has been paid in full.[85] The docket reflects that the entire filing fee of $350.00 has been paid to the Court.[86] Plaintiff's motion at Docket 111 is DENIED.

---

[83] *See Cousins v. Lockyer,* 568 F.3d 1063, 1070 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal constitutional violation"); *see also Cornejo v. Cty. of San Diego,* 504 F.3d 853, 855 n.3 (9th Cir. 2007) ("[A] claim for violation of state law is not cognizable under § 1983.").

[84] Docket 111.

[85] Docket 116-1 at 1–2.

[86] *See* Receipt Nos. 100021237, 100021505, 100021569, 100021685, 100021763, 1000231857, 100021927.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 18 of 19

Case 3:23-cv-00263-SLG   Document 118   Filed 12/29/25   Page 18 of 19

Also on October 28, 2025, Plaintiff filed a motion titled "Motion for Declaratory Judgment" at Docket 114. In the motion, Plaintiff requests declaratory relief declaring that "the standard for which materials of a sexual nature may be denied" by DOC is only obscene materials, and not sexually explicit materials.[87] Defendants respond at Docket 117. For the same reasons that the Court is granting Defendants' motion for summary judgment, Plaintiff's motion at Docket 114 is DENIED.

**IT IS THEREFORE ORDERED:**

1. Defendants' Motion to File Ex Parte at Docket 96 is GRANTED.
2. Defendants' Motion for Summary Judgment Pursuant to Rule 56 at Docket 86 is GRANTED.
3. Plaintiff's motions at Dockets 111 and 114 are both DENIED.
4. The Clerk of Court is directed to enter final judgment for Defendants and close the case.

DATED this 29th day of December, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[87] Docket 114 at 1–2.

Case No. 3:23-cv-00263-SLG, *Kellar v. Aki, et al.*
Order on all Pending Motions
Page 19 of 19

Case 3:23-cv-00263-SLG   Document 118   Filed 12/29/25   Page 19 of 19